## IN THEUNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**FUME, LLC,**

       Plaintiff,

v.

                              **JURY TRIAL DEMANDED**

**SHENZEN YOUME INFORMATION
TECHNOLOGY CO., LTD. d/b/a
AIRBAR, ROMY ZHANG,
ALTERNATIVE PODS,
BIG D VAPOR, LLC, ZIIP STOCK,
VAPE PLUS, AMERICAN
DISTRIBUTORS, VAPE WHOLESALE
USA, FS WHOLESALE, MY VPRO,
VAPORIDER, and AK WHOLESALE INC.,**

       Defendants.

_____/

## COMPLAINT

    Plaintiff, FUME, LLC ( "FUME" or "Plaintiff"), hereby sues Defendants Shenzen Youme Information Technology Co., Ltd. D/B/A Airbar ("Airbar"), Romy Zhang, Alternative Pods, Big D Vapor, Llc, Ziip Stock, Vape Plus, American  Distributors, Vape Wholesale USA, FS Wholesale, My V Pro, Vaporider, And AK Wholesale (individually, "Defendant" and collectively "Defendants"), and alleges:

## NATURE OF THE ACTION

    1.    This is an action for copyright infringement pursuant to the United States Copyright Act (17 U.S.C. § 501, *et seq.*), trade dress infringement, and unfair competition, pursuant to the Lanham Act (15 U.S.C. §§ 1051, *et seq.*); and unfair competition and unjust enrichment pursuant

to the common law of the State of Florida.

2.     Since at least March 2021, Fume has exclusively manufactured and sold its Infinity Disposable Vape ("Infinity Vape"), as its core branding element in connection with the sale of its vape products through FUME distributors, retail sellers and online sellers.

3.     The Infinity Vape is formed of a distinctive "box" shape, and is a disposable vape containing nicotine "juice." The Infinity Vape is the subject of U.S. Copyright Registration Number VA0002255485, registered on June 14, 2021 with the U.S. Copyright Office (the "Fume Copyright"), of which Fume is the owner.  Details of the Fume Copyright registration are attached hereto as Exhibit A. A copy the of the work subject to the Fume Copyright registration is attached as Exhibit B.

4.     Fume has also filed U.S. Copyright Case No. 1-10563617439, a second copyright application directed toward the Infinity Vape visual design, further indicating the unique design of the Infinity Vape.

5.     Fume's Infinity Vape design is aesthetically unique and quite successful in the vape industry. Defendants have attempted to capitalize on Fume's research and development and significant monetary investment in its Infinity Vape product, thus necessitating this action to vindicate Fume's rights.

8.     FUME's claims in the present action arise from Defendants' unauthorized offer for sale, and/or sale of vape products bearing confusingly similar and/or substantially indistinguishable imitations of the Fume Infinity Vape. Defendants have blatantly and intentionally copied, distributed, manufactured and/or offered for sale infringing and non-genuine vapes under the name "Air Bar Box Vape" (also referred to as the "Counterfeit Products" or "Air

Bar Vape"). Shown below is an example of Plaintiff's Infinity Vape on the left, compared to the Air Bar Vape on the right.





Infinity Vape                          Counterfeit Product

9.      Defendant Air Bar manufactures and distributes the Counterfeit Product to the remaining Defendants. Upon information and belief, Defendant Air Bar sells the Counterfeit Product to the remaining Defendants for retail sale and/or further distribution.

10.     Upon information and belief, Defendant Air Bar has induced the remaining Defendants to infringe the Fume Copyright, as well as Plaintiff's trade dress (discussed *supra*) by manufacturing and selling, and inducing the remaining Defendants to sell or distribute, infringing products.

11.     Defendants' infringement of Fume's copyright and trade dress rights has and will continue to irreparably harm Fume, and the substantial goodwill it has developed in its brand and products, including its Infinity Vape. It also has and will continue to cause monetary harm

in an amount to be determined at trial.

## THE PARTIES

12.      Plaintiff is a limited liability company organized and existing under the laws of the State of South Carolina, having its principal place of business at 1512 Executive Avenue Unit 102, Myrtle Beach, SC 29577.

13.      Upon information and belief, Defendant AK Wholesale Inc. is an Illinois corporation, with its principal place of business at 10 Gateway Road, Bensenville, Illinois 60106.

14.      Upon information and belief, Defendant Big D Vapor, LLC is Texas limited liability company with a principal place of business at 1608 Whitlock Lane, Suite G, Carrollton, Texas 75006.

15.      Upon information and belief, My Vpro is a Michigan corporation with a principal place of business at 7564 Nineteen Mile Road, Sterling Heights, Michigan 48314.

16.      Upon information and belief, Shenzen YouMe Information Technology Co. Ltd. is a Chinese limited liability company with an address of 201 Bldg.B, DianlianTechBldg., NanhuanAve., Mashantou Community, Matian street Guangming, Shenzhen CHINA 518000.

17.      Upon information and belief Romy Zhang resides at 9619 Remer Street, #A, South El Monte, California 91733.

## JURISDICTION AND VENUE

18.      Subject matter jurisdiction over the claims is conferred upon the Court by, *inter alia*, 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. §§ 1331 (federal question jurisdiction), § 1367 (supplemental jurisdiction) and§ 1338 because this action involves substantial claims arising under theLanham Act and the U.S. Copyright Act. This Court has jurisdiction over FUME's related state

and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

19.     This Court has personal  jurisdiction over Defendants because, upon information and belief, Defendants have distributed, offered for sale, and/or sold the Counterfeit Products within  this  State and this District, have engaged in acts or omissions within this State causing injury, distributed products used or consumed within this State in the ordinary course of trade, maintains continuous or systematic contacts within this State, derives substantial revenue from this State, and have committed acts giving rise to this action within Florida and this District.

20.     The exercise of personal jurisdiction comports with Defendants' right to due process, because they have purposefully availed themselves of the privilege of conducting activities within the State and District, such that they should reasonably anticipate being hailed into court here.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, at least because Plaintiff's principal place of business is within this District, and a substantial part of the acts or omissions giving rise to the claims occurred in this District.

## **FACTUAL ALLEGATIONS AND TRADE DRESS**

Plaintiff's Infinity Vape

22.     Plaintiff has quickly become one of the most well-known and successful companies in the vape industry.

23.     Plaintiff's unique design of its Infinity Vape is formed of distinctive, non-functional aesthetic features that together comprise Plaintiff's unique vape design.  Through continued and widespread use, a sampling of which is set forth below, Plaintiff's Infinity

Vape design has become a well known indicator of the origin and quantity of Plaintiff's vape products.

24.     Plaintiff offers for sale its Infinity Vape, as shown below:



25.     Plaintiff has enjoyed significant sales of its Infinity Vape throughout the United States and in Florida. Though its sales are confidential, Fume's growth rate and absolute revenue rival those of the most successful vape brands.

26.     Plaintiff incorporates numerous distinctive and non-functional features that identify to consumers that its Infinity Vape is manufactured and/or sold by Fume. As a result of at least its continuous and exclusive use of these designs, as well as its marketing, advertising and sales, Fume has acquired secondary meaning in its designs, and also owns trade dress rights in the design and

appearance of its Infinity Vape, which consumers have known to be uniquely associated with Fume.

27.     Plaintiff is the rightful owner of trade dress rights in the overall look and appearance of its Infinity Vape. Further, Plaintiff is the rightful owner of trade dress rights in the following elements: the curves, tapers and lines in the Infinity Vape; the design, style and visual appearance of these curves; and the visual connection and relationship between the curves, tapers and lines in the Infinity Vape, as shown below.



28.     Plaintiff is the rightful owner of trade dress rights in the billowing, or wave-like design of its vape body, as illustrated above.  Plaintiff is further the rightful owner of the curved design of its vape body. Plaintiff is further the rightful owner of trade dress rights in the top and bottom horizontal black borders, as shown below.



29.     Plaintiff further has trade dress rights in the overall look and appearance of the top, mouth portion of its vape, as shown below, including its vertical sidewalls open-bowled top:



30.     Fume began selling vape products in 2018 and is nationally recognized and available through a carefully controlled network of authorized retailers and distributors.

31.     Fume maintains strict quality control standards for all products, and has become recognized, and relied upon, for its quality.  Such control is necessary because the product is a consumable product and can be dangerous, and it is imperative that Fume maintain strict quality over its product.

32.     Plaintiff, like other vape brands owners, is the subject of counterfeiting and infringement. Since its inception, Plaintiff has spent significant resources to protect its rights in its intellectual property, including, but not limited to, legal actions and seizures of counterfeit goods.

33.     Over the past year, the Fume brand has seen a meteoric rise in its recognition and popularity.

Defendants' Infringing Activities

34.     Upon information and belief, Defendants were aware, and are currently aware, of Plaintiff's Fume Copyright, and its common law trade dress rights. Defendants, and in particular Air Bar, recognized the unique and protectable designs of Plaintiff's Infinity Vape and have desired to pass-off their Air Bar vapes as an imposter of Fume's.

35.     Upon information and belief, the Defendants were knowledgeable of Fume's intellectual property rights, as many also sell Fume Infinity Vapes.

36.     Upon information and belief, Defendants have purposefully advertised, promoted, manufactured, imported, offered for sale, sold, distributed, and continues to advertise, promote, manufacture, import, offer for sale, sell and distribute vapes that violates Plaintiff's rights, including the rights protected by Plaintiff's trade dress and copyright.

37.     Defendants' infringing products are confusingly similar imitations of Plaintiff's, and are offered in substantially the same form. Such actions have been without the authorization of Plaintiff.

38.     Shown above and below, Defendants' Counterfeit Product plainly infringes Plaintiff's rights, and as a result, there is a strong likelihood of confusion between Plaintiff and its intellectual property on the one hand, and Defendants and their products on the other hand.



39.     In particular, Defendants utilize the unique wave-like design pioneered by Plaintiff, as well as the top and the black vertical borders.

40.     Plaintiff used its trade dress extensively and continuously before Defendants began advertising, promoting, selling, offering for to sell, manufacturing, importing, or distributing its infringing products. Plaintiff's trade dress has become famous and acquired secondary meaning in the United States in general, and Florida in particular, before Defendants commenced their unlawful use. Consumers associate the above-identified trade dress with Fume and understand that such products are made by Fume.

41.     The Counterfeit Products are of a quality substantially inferior to the Fume Products and potentially dangerous to the consumer.

42.     The Counterfeit Products distributed, offered for sale, and sold by Defendant are not manufactured by Fume.

43.     Defendants' use of substantially indistinguishable and/or confusingly similar imitations of the Fume intellectual property is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that merchandise sold by Defendant is manufactured by, authorized by, or in some manner associated with Fume.

44.     On information and belief, Defendants knowingly, willfully, intentionally and maliciously adopted and used confusingly similar and/or substantially indistinguishable imitations of the Fume Infinity Vape.

45.     On information and belief, Defendants had access to and copied the Fume Copyright.

46.     On information and belief, Defendants intentionally infringed the Fume Copyrights

by distributing the Counterfeit Products, which bear designs substantially similar to the Fume Copyrights, without Fume's consent or authorization.

47.     All conditions precedent to the bringing of this action have been waived, performed or have occurred.

## COUNT I
### (Federal Unfair Competition)

48.     Fume re-alleges and incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

49.     Fume's Infinity Vape and its design are nonfunctional, inherently distinctive, have achieved a high degree of consumer recognition, and serve to identify Fume as the source of high-quality goods.

50.     Defendants' distribution, offer for sale, and/or sale of the Counterfeit Products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Counterfeit Products, and is intended, and is likely, to cause such parties to believe, in error, that Defendants' Counterfeit Products have been authorized, sponsored, approved, endorsed or licensed by Fume, or that Defendants are in some way affiliated with Fume, which they are not.

51.     Defendants' use of the Fume design on Counterfeit Products is without Fume's permission or authority and is in total and willful disregard of Fume's rights.

52.     Defendants' acts have damaged and will continue to damage Fume, and Fume has no adequate remedy at law.

53.     Upon information and belief, Defendants' actions have been intentional, willful, malicious and in bad faith, as evidenced by the near identicality of Defendants' products.

54.     Plaintiff is entitled to injunctive relief, is entitled to recover at least Defendants' profits, Plaintiff's actual damages, enhanced damages, costs and reasonable attorneys' fees.

## COUNT II
### (Federal Copyright Infringement)

55.     Fume re-alleges and incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

56.     Due to Fume's ownership of the Fume Copyright, and all right, title and interest thereto, Fume is entitled to exclusive use of these designs without unauthorized use by third parties.

57.     Given the widespread popularity of the Fume products bearing the Fume Copyrights, on information and belief, Defendants had access to said copyrighted worksand, upon information and belief, Defendants have knowingly infringed upon said designs by distributing and selling identical and/or substantially similar copies of the designs to the public in violation of 17 U.S.C. § 501.

58.     Upon information and belief, Defendants have intentionally, knowingly, and willfully copied the Fume Copyrights in order to personally benefit from the widespread customer recognition and acceptance of the Fume Copyrights, and to capitalize upon the market created by Fume.

59.     Upon information and belief, the aforesaid infringements by Defendants of the Fume Copyrights occurred and continues to occur with Defendants' knowledge that the Fume Copyrights is a copyrighted design and Defendants, in committing the acts complained of herein, have willfully infringed upon Fume's rights under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et seq.*

60.     Defendants' infringement of the Fume Copyrights irreparably damages Fume,  and Fume is informed and believes that Defendants will continue such infringement unless enjoined by this Court.

61.     Fume has suffered a loss of profits and other damages, and Defendants have earned illegal profits in an amount to be proven at trial, as the result of the aforesaid acts of Defendants.

62.     Fume has no adequate remedy at law.

63.     In light of the foregoing, Fume is entitled to injunctive relief prohibiting Defendants from using any of Fume's copyrighted works, including the Fume Copyrights, and to recover from Defendants all damages, including attorneys' fees, that Fume has sustained and will sustain as a result of such infringing acts, and all gains,profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(b), and attorneys' fees and treble damages pursuantto 17 U.S.C. § 505(b).

## <u>COUNT III</u>
### (Trade Dress Infringement and False Advertising Under 15 U.S.C. §1125)

64.     Fume re-alleges and incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

65.     Defendants' advertisement, promotion, manufacture, import, offering for sale, selling and distribution of the Counterfeit Products violate Section 43 of the Lanham Act by infringing Plaintiff's trade dress.  Defendants' use of the trade dress and colorable imitations thereof is likely to cause confusion, mistake or deception as to the affiliation, connection and/or association of Plaintiff with Defendants, and as to the origin, sponsorship,

and or approval of Defendants' infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by or otherwise associated with Plaintiff.

66.     Defendants' acts have been intentional and have also constitute contributory trade dress infringement in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

67.     Plaintiff's trade dress is entitled to protection under the Lanham Act. It includes unique, distinctive, and non-functional designs, and this has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, Plaintiff's trade dress has become a well-known indicator of the origin and quality of its products, and has also acquired substantial secondary meaning in the marketplace.

68.     Plaintiff's Infinity Vape is distinctive due to its departure from conventional vape designs, which are formed of straight lines to reduce costs.

69.     Plaintiff's trade dress is non-functional.  There are a plethora of ways to manufacture a vape, such as this one, including various form factors such as straight, pencil-style vapes. There is no functional benefit to this approach.

70.     Defendants' use of Plaintiff's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which no adequate remedy at law exists, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's trade dress with its vapes.

71.      Upon information and belief, Defendants' use of Plaintiff's trade dress and colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of its infringing products to Plaintiff's trade dress, and by Defendants continuing disregard for Plaintiff's rights.

72.      Plaintiff is entitled to injunctive relief, to recovery of at least Defendants' profits, Plaintiff's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT IV
### (Common Law Trade Dress Infringement)

73.      Fume re-alleges and incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

74.      Defendants' advertisement, promotion, manufacture, import, offering for sale, selling and distributing the infringing products in direct competition with Plaintiff constitutes common law trade dress infringement.

75.      Defendants'  acts also constitute contributory common law trade dress infringement.

76.      Plaintiff's trade dress is entitled to protection under the common law. Plaintiff's trade dress includes unique, distinctive, and non-functional designs, which have acquired substantial secondary meaning in the marketplace.

77.      Defendants' use of Plaintiff's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill

and reputation for quality associated with Plaintiff's trade dress with Defendants and the Counterfeit Product.

78.     Plaintiff is entitled to injunctive relief, and Plaintiff is entitled to recover at least Defendants' profits, Plaintiff's actual damages, enhanced damages, costs, and reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant judgment in favor of Plaintiff and against Defendants on all of Plaintiff's claims;

B. Enjoin and restrain Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys, investors, consultants, investors, retailers, resellers, distributors and all others in active concert or participation with them, from:

a.     Making any use of the trade dress, or any designation of origin confusingly similar thereto, including offering to sell, selling, distributing, or importing into the U.S. vapes incorporating the trade dress;

b.     Infringing or diluting any of the trade dress;

c.     Infringing any copyrights;

d.     Unfairly competing with Plaintiff in the manufacture, importation, advertising, offering for sale, sale, shipment and/or distribution of vapes;

e.     Disposing of, destroying, moving, secreting, relocating and/or transferring any and all of Defendants' stock of vapes incorporating the trade dress, without Court direction;

      f.      Disposing of, destroying, moving, secreting, relocating and/or transferring any information, records, and/or documents in Defendants' possession pertaining to their purchase, importation, receipt, advertising, offering for sale, sale, shipment and/or distribution of vapes incorporating the trade dress; and,

      g.     Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

C.  Order Defendants to, at Defendants' expense, withdraw from the market, account for and properly destroy any and all products bearing the trade dress;

D.  Order Defendants, pursuant to 15 U.S.C. § 1116, to serve on Plaintiff within thirty (30) days after service on Defendants of preliminary or permanent injunctive orders, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

E.  Order Defendants to account for, and pay over to Plaintiff, Defendants' profits and all damages sustained by Plaintiff;

F.  Increase the amount of damages and/or profits awarded to Plaintiff, as provided by law;

G.  Award Plaintiff such treble and punitive damages for Defendants' willful and intentional acts of unfair competition, copyright infringement, and infringement of Plaintiff's rights that the Court shall deem just and proper;

H.  Award Plaintiff the fees, costs and disbursements, and interest, expended in connection with any actions taken to investigate and confirm the claims made herein;

I.   Award Plaintiff its reasonable attorneys' fees, costs, disbursements, and

interest, as provided by law; and

J.   Grant such other and further relief as the Court may deem just and proper.

Dated July 23, 2021

                                    Respectfully Submitted,

                                    Peretz Chesal & Herrmann, P.L.
                                    SunTrust Tower
                                    1 S.E. 3rd Avenue, Suite 1820
                                    Miami, FL 33131
                                    Telephone: 305-341-3000
                                    mchesal@pch-iplaw.com

                                    By: /s/ Michael B. Chesal
                                    Michael B. Chesal, Esq.
                                    Florida Bar No.: 775398
                                    Steven Peretz
                                    Florida Bar No.: 329037
                                    Albert Alvarez
                                    Florida Bar No.: 106859

/s/ Andrew D Bochner
Andrew D. Bochner, Esq. (*pro hac vice* application to be filed)
Bochner IP, PLLC
295 Madison Avenue, 12th Floor
New York, New York 10017
Telephone: (646) 971-0685
E-mail: andrew@bochnerip.com