UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22660-BLOOM/Otazo-Reyes

FUME, LLC,

    Plaintiff,

v.

SHENZEN YOUME INFORMATION
TECHNOLOGY CO., LTD., *et al.*,

    Defendants.

_____/

## ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon Plaintiff Fume, LLC's ("Plaintiff") Motion for Order Authorizing Alternate Service of Process on Defendant Shenzen YouMe Information Technology Co. Ltd, d/b/a Airbar ("Defendant Airbar") Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. [26] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

This case involves claims of copyright infringement pursuant to the United States Copyright Act (17 U.S.C. § 501, *et seq.*), trade dress infringement, and unfair competition, pursuant to the Lanham Act (15 U.S.C. §§ 1051, *et seq.*), and unfair competition and unjust enrichment pursuant to the common law of the State of Florida. *See generally* ECF No. [1]. Plaintiff alleges that Defendant Airbar traffics in counterfeit nicotine vaporizers that infringe Plaintiff's registered Copyright and common law trade dress rights. *Id.* In the Motion, Plaintiff

seeks an order authorizing service of process on Defendant Airbar by e-mail and argues that electronic service by this method is sufficient to provide notice to Defendant Airbar, a limited liability company organized under the laws of China, which has established an Internet-based business that utilizes electronic methods reliable forms of contact. ECF No. [26] at 3-4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by international agreement and it is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.,* No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)). "Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Chanel, Inc. v. Zhixian,* No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

"A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief." *Sec. & Exch. Comm'n v. Palm House Hotel, LLP*, No. 18-CV-81038, 2018 WL 9849603, at *1-2 (S.D. Fla. Nov. 7, 2018) (citation omitted). "The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *Id.*

## III. DISCUSSION

Here, service by e-mail is not prohibited by international agreement. The United States and

Case No. 21-cv-22660-BLOOM/Otazo-Reyes

China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (contracting parties).

The Hague Convention does not specifically preclude service by e-mail. Further, "[w]here a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or publication." *Karsten Mfg. Corp. v. Store*, No. 18-cv-61624, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (citation omitted). "A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *Id*. "A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *Id*.

China has not objected to service by e-mail. While China has declared that it opposes the service of documents in its territory by the alternate means of service outlined in Article 10 of the Convention, including the service of process by postal channels, it has not expressly objected to service via e-mail. Accordingly, service by e-mail does not violate any international agreement.

Additionally, due process is not offended by permitting alternate service here. Specifically, Plaintiff has identified e-mail addresses that are published by Defendant Airbar on its e-commerce store or website, as well as e-mail addresses for United States attorneys and/or employees who have represented Defendant Airbar before the United States Patent and Trademark Office. Service by e-mail is therefore reasonably calculated under all circumstances to apprise Defendant Airbar

of this action and afford Defendant Airbar an opportunity to present its objections. Moreover, e-mail is the most likely method of communication to reach Defendant Airbar, who operates on the Internet and relies on electronic communications for the operation of its business. *See Tiffany (NJ) LLC v. DORAPANG Franchise Store,* No. 18-cv-61590, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018). Thus, the Court will exercise its discretion to allow service on Defendant Airbar through e-mail.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [26]**, is **GRANTED**.
2. Plaintiff is permitted to serve the Summons, the Complaint, and all other filings and discovery in this matter upon Defendant Airbar via e-mail at: info@airbarvape.com; wholesale@airbarvape.com; lanwayipr@gmail.com; harry.li@fidelilaw.com; and infotm@sziprun.com.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 13, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record